Model Plan  
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer  
☑ Stearns  ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. **15-37276** |
|---|---|---|
|  | ) |  |
| **Phyllis A. DeSalvo** | ) |  |
|  | ) |  |
| **Debtors.** | ) | Modified Chapter 13 Plan, dated **March 17, 2016** |

☑ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **56**; (c) total household monthly income is $ **2,406.20**; and (d) total monthly household expenses are $ **1,466.77**, leaving $ **939.43** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-__ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __938.00__ monthly for __5__ months [and **$1,200.00 per month for 17 months, then $1,500.00 per month for 18 months, then $1,700.00 per month for 18 months**], for total payments, during the initial plan term, of $ __82,690.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☑ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __4,134.50__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Citizens Bank NA**          Collateral: **2320 Woodbridge Way, Unit 1A, Lombard, Illinois 60148
Condominium
Purchased in October 1991 (Purchase Price $74,300)
Value Per Zillow.com
PIN#: 06-29-106-097
50% Interest with Deceased Father**

Amount of secured claim: $ **64,559.86** APR **4.25** %     Fixed monthly payment:$ **Pro Rata** ;
Total estimated payments, including interest, on the claim: $**72,467.12**. ☐ Check if non-PMSI

(b) Creditor: **Ford Motor Credit Corporation**      Collateral:**2013 Ford Fusion 13,000 Miles
Vehicle only has a salvage title
Debtor has a property damage claim against other driver.**

Amount of secured claim: $ **38.00** APR **0** %     Fixed monthly payment:$ **38.00** ;
Total estimated payments, including interest, on the claim: $**38.00**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **72,505.12** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **3,920.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

 7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than ___N/A___ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| | | | |
|---|---|---|---|
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 82,690.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 4,134.50 | |
| | (b) Current mortgage payments | $ 0.00 | |
| | (c) Payments of other allowed secured claims | $ 72,505.12 | |
| | (d) Priority payments to debtor's attorney | $ 3,920.00 | |
| | (e) Payments of mortgage arrears | $ 0.00 | |
| | (f) Payments of non-attorney priority claims | $ 0.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 80,559.62 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 2,130.38 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 1,942.24 | |
| | (b) Minimum GUC payment percentage | 100 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 1,942.24 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 1,942.24 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 2,130.38 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -188.14 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____  **Date** _____

**Debtor's Attorney**    /s/ Paul Bach                                              **Date**  March 17, 2016

| *Attorney Information (name, address, telephone, etc.)* | **Paul Bach**<br>**Sulaiman Law Group, Ltd.**<br>**900 Jorie Boulevard**<br>**Suite 150**<br>**Oak Brook, IL 60523**<br>**630-575-8181**<br>**Fax: 630-575-8188** |
|---|---|

**Special Terms** *[as provided in Paragraph G]*

1. Debtor shall make direct payments to Highland Lakes Condominium Associationfor association dues related to the real property located at 2320 Woodbridge Way, Unit 1A, Lombard, Illinois.

2. Debtor shall make direct payments to Ford Motor Credit Company LLC for 2013 Ford Fusion 13,000 Miles. Ford Motor Credit Company LLC is authorized to send monthly statements directly to the Debtor.

3. Debtor' Roommate shall make direct payments to Santander Consumer for 2015 Ford Fusion with 30,000 Miles. Santander Consumer is authorized to send monthly statements directly to the Debtor.

4. The Debtor is paying the claim of Citizens Bank NA in full thought his Plan pursuant to 11 USC 1322(c)(2).  Upon entry of dischrage in this case,  Citizens Bank, N.A. its successors and assigns shall release and and all security interest and/or mortgages in the real estate commonly known as 2320 Woodbridge Way, Unit 1A, Lombard, Illinois.

5. The Debtor shall pay for Hazard Insurance and the real estate taxes for the real estate commonly known as 2320 Woodbridge Way, Unit 1A, Lombard, Illinois.

Software Copyright (c) 1996-2016  Best Case, LLC - www.bestcase.com　　Best Case Bankruptcy

```
                         United States Bankruptcy Court
                         Northern District of Illinois
In re:                                                                  Case No. 15-37276-DRC
Phyllis A. DeSalvo                                                      Chapter 13
        Debtor                      CERTIFICATE OF NOTICE
District/off: 0752-1           User: ccabrales              Page 1 of 2                  Date Rcvd: Mar 18, 2016
                               Form ID: pdf003              Total Noticed: 39


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 20, 2016.
db             +Phyllis A. DeSalvo,    2320 Woodbridge Way, Unit 1A,    Lombard, IL 60148-5353
23915481       +CITIZENS BANK NA f/k/a RBS CITIZENS NA,    Citizens Bank, N.A. a/k/a,    Citizens One Home Loans,
                 10561 Telegraph Road,    Glen Allen, VA 23059-4577
23881806       +Citizens Bank,    Attn: Bankruptcy,    443 Jefferson Boulevard MS RJW-135,
                 Warwick, RI 02886-1321
23881807       +Citizens One,    10561 Telegraph Road,    Glen Allen, VA 23059-4577
23881808       +Dupage County Clerk,    421 N. County Farm Road,    Wheaton, IL 60187-3992
23881809       +Edward Hospital,    Po Box 5995,    Peoria, IL 61601-5995
23881811       +Elmhurst Radiologists,    PO Box 1035,    Bedford Park, IL 60499-1035
23881812       +Elmhurst Radiologists,    200 N. Berteau Avenue,    Elmhurst, IL 60126-2966
23881813        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23881814       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23881815      ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
               (address filed with court: Ford Motor Credit Corporation,    Ford Motor Credit,    Po Box 6275,
                 Dearborn, MI 48121)
23980250       +Ginny’s,   c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
23881819       +Highland Lakes Condominium Association,    c/o Bonnie Mize,    2310 Woodbridge, Unit 1A,
                 Lombard, IL 60148-5351
23881818       +Highland Lakes Condominium Association,    128 S. County Farm Road, Suite D,
                 Wheaton, IL 60187-2400
23881820       +Merchants Credit Guide,    223 W. Jackson Boulevard,    Suite 700,    Chicago, IL 60606-6914
23881822       +OneMain Financial,    684 Illinois Route 59,    Naperville, IL 60540-0900
23881826       +RBS Citizens, N.A.,    Asset Recovery Department,    443 Jefferson Boulevard,
                 Warwick, RI 02886-1321
23881827       +RBS Citizens, NA,    PO Box 42113,    Providence, RI 02940-2113
23881829       +Sandra Hall,    2320 Woodbridge Way, Unit A,    Lombard, IL 60148-5370
23881830       +Santander,    8585 N. Stemmons Freeway,    Suite 500,    Dallas, TX 75247-3822
23881831       +Santander,    PO Box 961245,    Fort Worth, TX 76161-0244
23881832       +Santander Consumer,    Po Box 961245,    Fort Worth, TX 76161-0244
23881835       +Seventh Avenue,    1112 7th Avenue,    Monroe, WI 53566-1364
23881836       +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
23881837       +Walgreens,    1514 Essington Road,    Joliet, IL 60435-2866
23881838       +Walgreens Co,    200 Wilmot Road,    Deerfield, IL 60015-4681

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23881804        Fax: 888-777-2057 Mar 19 2016 00:53:14     Cco Mortgage Corp.,    10561 Telegraph Road,
                 Glen Allen, VA 23059
23881810       +E-mail/Text: bankruptcy@edward.org Mar 19 2016 00:49:10      Edward Hospital,
                 801 South Washington Street,    Naperville, IL 60540-7499
23881816       +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2016 00:40:06
                 GE Capital Retail Consumer Finance,    1600 Summer Street,    Fifth Floor,
                 Stamford, CT 06905-5125
23881817       +E-mail/PDF: gecsedi@recoverycorp.com Mar 19 2016 00:40:06      GE Money Bank Care Card,
                 Po Box 960061,    Orlando, FL 32896-0061
23881821       +E-mail/Text: clientservices@northwestcollectors.com Mar 19 2016 00:48:09      Nw Collector,
                 3601 Algonquin Road, Suite 23,    Rolling Meadows, IL 60008-3126
23881823        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 19 2016 00:40:10
                 Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,    Norfolk, VA 23541
23881824        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 19 2016 00:40:09
                 Portfolio Recovery Associates,    Po box 12914,    Norfolk, VA 23541
23881825        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 19 2016 00:40:41
                 Portfolio Recovery Associates LLC,    PO Box 41067,    Norfolk, VA 23541
23973725        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 19 2016 00:40:10
                 Portfolio Recovery Associates, LLC,    successor to GE CAPITAL RETAIL BANK,    (SAM’S CLUB),
                 POB 41067,    Norfolk, VA 23541
23881828       +E-mail/Text: jstephens@rsclark.com Mar 19 2016 00:49:59      Rs Clark And Associate,
                 12990 Pandora Dr Ste 150,    Dallas, TX 75238-5256
23881834        E-mail/Text: bankruptcy.noticing@security-finance.com Mar 19 2016 00:47:50      Security Finance,
                 PO Box 811,    Spartanburg, SC 29304
24100875       +E-mail/Text: bankruptcy.noticing@security-finance.com Mar 19 2016 00:47:50
                 SFC Central Bankruptcy,    PO Box 1893,    Spartanburg, SC 29304-1893
23881833       +E-mail/Text: bankruptcy.noticing@security-finance.com Mar 19 2016 00:47:50      Security Finance,
                 PO Box 3146,    Spartanburg, SC 29304-3146
                                                                                              TOTAL: 13

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23881805*     ++CCO MORTGAGE CORP,   10561 TELEGRAPH RD,   GLEN ALLEN VA 23059-4577
               (address filed with court: CCO Mortgage Corporation,    10561 Telegraph Road,
                 Glen Allen, VA 23059)
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked ’+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
District/off: 0752-1          User: ccabrales              Page 2 of 2                  Date Rcvd: Mar 18, 2016
                              Form ID: pdf003              Total Noticed: 39
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2016                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 17, 2016 at the address(es) listed below:
```
          Glenn B Stearns    mcguckin_m@lisle13.com
          Joel P Fonferko    on behalf of Creditor    CITIZENS BANK NA f/k/a RBS CITIZENS NA
           ND-One@il.cslegal.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Paul M Bach    on behalf of Debtor 1 Phyllis A. DeSalvo ecfbach@gmail.com,
           ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
           badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
           ress.info
          Peter C Bastianen    on behalf of Creditor    CITIZENS BANK NA f/k/a RBS CITIZENS NA
           ND-Four@il.cslegal.com
          Peter C Bastianen    on behalf of Creditor    CITIZENS BANK NA F/K/A RBS CITIZENS NA,
           ND-Four@il.cslegal.com
                                                                                             TOTAL: 6
```